Paulino Somohano, Plaintiff and Appellee, *v.* Esteban Matanzo, Defendant, and National Surety Co., Surety and Appellant; Banco Industrial de Puerto Rico, Petitioner and Appellee.

No. 5125. Argued April 3, 1930.—Decided June 27, 1930.

*Besosa & Besosa* for appellant. *Campos & Romero* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In this case a motion was filed by the "Banco Industrial de Puerto Rico" for the recovery of certain costs. It was

alleged in the motion that after Pedro Vieira had been appointed a judicial administrator, he brought an action of unlawful detainer against the petitioner; that in that action a judgment was rendered for the defendant and costs were imposed on the administrator, and that as the latter has not paid the said costs, the petitioner prayed that the award of costs be enforced by a forfeiture of the bond, which had been filed by said administrator as principal and the National Surety Company as surety for the faithful performance of his duties as such administrator.

Upon that motion the following order was made:

"On reading the foregoing motion and the grounds alleged therein, and it appearing from the record in case No. 9427 of this court that judicial administrator Pedro Vieira was adjudged to pay to the 'Banco Industrial de Puerto Rico' the sum of fifty dollars as attorney's fees in the said action, and it further appearing that the 'Banco Industrial' has in due course of law demanded from the said judicial administrator payment of the said sum of fifty dollars, which said judicial administrator has refused and still refuses to pay, and having considered the prayer of the said bank that the bond furnished by the said judicial administrator to answer for the faithful performance of his duties be forfeited and that the surety be ordered to pay said sum of fifty dollars; it is ordered by the Court that the said National Surety Company be directed to pay without fail and within the period of ten days from the date of service upon it of this order, the sum of fifty dollars to the 'Banco Industrial de Puerto Rico'; or that in default thereof it show cause before this court on September 6, 1929, at 9 a. m., why the said bond should not be forfeited up to the sum of fifty dollars."

Upon being summoned, the surety company appeared on the day set and alleged:

"First. That the said bond was furnished by Pedro Vieira as principal and the National Surety Company as surety in favor of Esteban Matanzo.

"Second. That the 'Banco Industrial de Puerto Rico' is not Esteban Matanzo and, therefore, the said bond does not answer for the said sum.

" 'Security is not presumed; it must be express and can not be

extended further than that specified therein.' Section 1728, Civil Code.

"Third. That the said bond answers for the faithful performance of the duties of Pedro Vieira as judicial administrator, and if the said Pedro Vieira faithfully performs his duties as judicial administrator in case No. 9199, relating to the administration of the common property intrusted to him, then the said bond shall be null and void, and therefore the said bond only obligates Pedro Vieira in favor of Esteban Matanzo for the faithful performance of the administration intrusted to him.

"Fourth. That the National Surety Company executed said bond pursuant to an application submitted to it and the said bond was approved by the Hon. Court."

The question thus raised was decided by the court as follows:

"After considering all the facts in the proceedings relating to the forfeiture of the bond executed by the National Surety Company and it appearing that the grounds stated by the National Surety Company are not sufficient to justify the setting aside or any amendment or modification of the order of this court rendered on July 16, 1929, the Court hereby overrules the objection raised by the surety company; and it is ordered that the said company pay to the 'Banco Industrial de Puerto Rico' the sum of $50 referred to in said order of July 16, 1929, and in default thereof the said bond shall be declared forfeited in accordance with the law. Let this be notified."

Thereupon the surety company took the present appeal and assigned in its brief two errors, viz.: (1) That a forfeiture of the bond to pay the "Banco Industrial" could not be decreed, because the undertaking was executed only in favor of Esteban Matanzo, and (2) that such a forfeiture could not be decreed either, because the bond only answered for the acts of Esteban Matanzo as judicial administrator, and not for the payment of the costs of a suit which was foreign to the judicial administration of the property.

The bond in question, in its pertinent part, reads as follows:

"By the present bond we, Pedro Vieria, of San Juan, P. R., as principal, and the National Surety Company, of the City of New

York, U.S.A., as sureties, bind and obligate ourselves in favor of Esteban Matanzo, in case of failure on the part of the said Pedro Vieira faithfully to perform the duties and obligations of judicial administrator, in the sum of five hundred and one dollars ($501), payable to the injured parties, for the payment of which sum we jointly and severally bind ourselves, our heirs, and administrators.

"Sealed and dated this 18th day of April, 1929.

"The condition of this obligation is that if the above said Pedro Vieira shall faithfully discharge the duties of judicial administrator of the estate in the above case and obey all the orders and decrees of the said District Court of San Juan relating to the administration of the property intrusted to him, then this obligation to be void and of no effect; otherwise to remain in full force."

As may be seen, the bond appears to have been executed "in favor of Esteban Matanzo", but the bond also sets forth that the sum of $501, or the amount for which it was executed, "is payable to the injured parties." The former phrase favors the National Surety Company; the latter favors the bank.

The case is a new one, and the briefs filed by the parties do not contribute much of value to the solution of the problem involved. Searching our decisions we have found two cases; one apparently in favor of the bank and the other favoring the surety company.

The first of these cases is *Del Río* v. *Heirs of Cancel*, 36 P.R.R. 468. It was held there that: "A person injured by the acts or omissions of a notary in the performance of his official duties can sue on the notarial bond to recover for the damage suffered, and the fact that the bond was given for the benefit of The People of Porto Rico does not bar such suit." That ruling was based on the decision of the Supreme Court of the United States in *Howard* v. *United States*, 184 U. S. 687.

However, granting that it might be possible to find some similarity between an administrator and a notary, the difference is readily apparent. A notary is a public officer. His bond is given for the protection of the public in their

dealings with him, and it seems natural that it should be given for the benefit of "The People", which is the legitimate representative of the public, and that any person having a claim against him should be allowed to sue on the bond, since such a person is a part of the public and of "The People." It is not so in the case of a judicial administrator. Of course, an administrator is liable for his acts, but the administration is established mainly for the benefit of a certain individual, Matanzo in the present case, in whose favor the bond was given, and it can not be said that the bank is so identified with Matanzo as to be entitled to recover on the bond.

The second case is that of *Martínez* v. *Crosas, District Judge,* 26 P.R.R. 196. We held there (p. 201): "Nor does the fact that the administrator is under bond sustain the theory of the attorney for the defendant, since it may be deduced from section 32 of the Special Legal Proceedings Act that the bond is furnished only for the benefit of the heirs and to answer to them for the acts of administration, inasmuch as the administrator may be released therefrom by the adult heirs."

The bank may be entitled to recover the costs awarded to it from the administrator Vieira, perhaps even from Matanzo and the latter in turn from the surety; but we do not feel ourselves justified in holding that a person foreign to the undertaking, such as the "Banco Industrial" is, can sue on the bond, in view of the terms of the bond itself, of the provisions of section 1728 of the Civil Code, that "security is not presumed; it must be express and can not be extended further than that specified therein", and of the rule uniformly followed by the jurisprudence as to the strict construction of surety contracts. See *Brunet, Sáenz & Co.* v. *Aponte et al.,* 33 P.R.R. 509.

The order appealed from must be reversed and another rendered instead denying the motion of the "Banco Industrial de Puerto Rico."